IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------
LORI M. FARRELL           : CASE NO. 1:10 CV 0844
                          :
           Plaintiff      :
                          :
      -vs-                : MEMORANDUM OF OPINION AND
                          : ORDER ADOPTING THE REPORT
                          : AND RECOMMENDATION
MICHAEL J. ASTRUE,        :
COMMISSIONER OF SOCIAL    :
SECURITY                  :
                          :
           Defendant
------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Plaintiff Lori Farrell challenges the Commissioner of Social Security's final decision denying her application for Social Security Disability Insurance Benefits (DIB), which she sought due to an ankle fracture in August 2005 requiring surgery. This case was automatically referred to United States Magistrate Judge James R. Knepp for a Report and Recommendation ("R&R"), pursuant to Local Civil Rule 72.2(b). In his R&R, Magistrate Judge Knepp found the Commissioner had not failed to make findings of fact unsupported by substantial evidence in the record, properly concluding that the Plaintiff was not entitled to benefits because she could perform a limited range of sedentary work. See 42 U.S.C. § 405(g). (Doc. 18).

1

For the reasons discussed below, the Court will overrule Ms. Farrell's objections and adopt the Magistrate Judge's Report and Recommendation.

### III. LAW AND ANALYSIS

A. **Standard of Review for Administrative Decisions**

This Court examines the record to ascertain whether the Administrative Law Judge's ("ALJ") findings of fact and conclusions of law are supported by "substantial evidence". Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997). "Substantial evidence" represents an intermediate standard between the minimal "scintilla" rule and the civil "preponderance of the evidence" standard. Kirk v. Secretary of Health and Human Servs., 667 F.2d 524, 535 (6th Cir. 1981), and amounts to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Abbott v Sullivan, 905 F.2d 918, 922-923 (6th Cir. 1990). With its authority to "affirm, modify, or reverse" the administrative decision, "with or without remanding the cause for a rehearing," 42 U.S.C. § 405(g), this Court does not reconsider the case de novo, resolve conflicting evidentiary matters, decide questions of credibility, nor "canvass the record and form its own conclusion," Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

B. **SSA's Disability Standard**

Claimants are entitled to receive Disability Insurance benefits and Supplemental Security benefits under the SSA if they establish disability as defined by the Act. 42 U.S.C. §§ 432(d)(1)(A), 1382a(1), 1382c(a)(1); Abbott v. Sullivan, 905 F.2d at 923. To meet the statutory requirement, a potential beneficiary must prove that "his [or her] physical or mental impairment or impairments are of such severity that he [or she] is not

only unable to do his [or her] previous work but cannot . . . engage in any other kind of substantial gainful work." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 534 (6th Cir. 2001) (quoting 42 U.S.C. § 423(d)(2)).

## C. Report and Recommendation Considered with Claimant's Objections

In reaching his recommendation, Magistrate Judge Knepp addressed Ms. Farrell's two main challenges to the ALJ's determination denying her DIB. Ms. Farrell contends: (1) the ALJ's residual function capacity ("RFC") determination was in error because it relied too heavily on the Plaintiff's physician's "return-to-work" notes and failed to consider the Plaintiff's testimony that her condition required she elevate her foot; and, (2) the ALJ erred in not according the Plaintiff's testimony full credibility. The Magistrate Judge thoroughly reviewed the record testimony and the briefs in this matter and provided cogent reasons for concluding that the ALJ's RCF determination – that the Plaintiff was capable of sedentary work – was supported by substantial evidence. (Doc. 18, pp. 9-13). As to Ms. Farrell's credibility challenge, the Magistrate Judge noted the court must adopt a deferential review of an ALJ's credibility findings, so long as those findings are reasonable and supported by substantial evidence in the record. See Gaffney v. Bowen, 825 F.2d at 100 (noting the court must refrain from re-weighing the evidence). In this instance, upon a review of the record, the Magistrate Judge concluded the ALJ's decision contained specific reasons for the credibility finding, supported by the evidence in the record. (Doc. 18, pp. 13-16).

On 20 June 2011, Ms. Farrell filed objections to the Magistrate Judge's R&R, reiterating the gravamen of her initial challenge. (Doc. 19). First, the Plaintiff maintains the Magistrate Judge erred by upholding the ALJ's determination that Ms. Farrell's

3

physician's final "return-to-work" note, indicating a return to work date of 27 March 2006, provided conclusive evidence of her ability to return to work. Second, Ms. Farrell contends the Magistrate Judge erred by agreeing with the ALJ's credibility determination: finding the claimant was not credible regarding the need to elevate her leg because of the reflex sympathetic dystrophy ("RSD") in her fractured ankle.

The Commissioner filed a responsive brief on 19 July 2011, objecting to Ms. Farrell's "return-to-work" and credibility challenges. (Doc. 21). The Commissioner maintains the Magistrate Judge was not in error in finding Ms. Farrell's treating physician's "return-to-work" slips as evidence of her ability to return to work because the record indicates that, at the time the physician issued the last return to work slip, the Plaintiff was employed performing tasks at an exertion level considerably above the sedentary work the ALJ contemplated with his RFC finding. The Commissioner also disputes the assertion that the Magistrate Judge erred in upholding the ALJ's credibility determination regarding Ms. Farrell's subjectively stated need to elevate her leg where the record was bereft of any objective corroboration.

The Court finds no merit in the Plaintiff's objections to the thoroughly reasoned and supported Report and Recommendation. First, the record is clear that Ms. Farrell returned to work at the time of her treating physician's last "return-to-work" slip, allowing the ALJ to regard that work slip as some evidence of her ability to return to work. Further, Ms. Farrell's employment involved tasks performed at a medium level of exertion, and all medical sources on record found that she could work at least at the sedentary level. (Tr. 22-23, 181, 312, 357, 363, 369). Ms. Farrell's work record and the record of medical opinion are consistent with the ALJ's RFC finding and with the

Plaintiff's ability to perform substantial gainful employment of sedentary level work.

Second, the record supports the conclusion that Ms. Farrell's assertion that she needed to elevate her leg was uncorroborated. This Circuit has recognized that "an ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability." Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 476 (6th Cir. 2003). While the Court is to "accord the ALJ's determinations of credibility great weight and deference," 20 C.F.R. § 404.1529(c)(3), it must do so in light of the further requirement that the ALJ's explanation for discrediting a claimant's testimony is reasonable and supported by substantial evidence in the record. Jones, 336 F.3d at 476. In this instance, the ALJ found the Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (Tr. 21). The ALJ acknowledged Ms. Farrell's testimony regarding Baker's cysts in her knees and further noted that the Plaintiff did not complain of knee pain, nor seek treatment for such, during a 2007 consultative examination. The ALJ further noted that Ms. Farrell had not received ongoing treatment for her ankle since 2006, that she was returned to work activity by her physician on 27 March 2006, and that following examinations indicated normal gait and no loss of function. The Magistrate Judge found reasonable the ALJ's credibility determination of the Plaintiff's statements because the ALJ specifically found Ms. Farrell's statements regarding her need to elevate her foot inconsistent with the record and the claimant's actual activities. Neither the Magistrate Judge nor this Court may re-weigh the credibility evidence in the face of a reasonable and specific explanation

5

supported by substantial evidence in the record. In light of the deference required, the Magistrate Judge did not err in upholding the ALJ's credibility determination.

## IV. CONCLUSION

This Court overrules the claimant's objections and adopts the Magistrate Judge's Report and Recommendation upholding the Commissioner's administrative denial of disability insurance benefits to Ms. Farrell.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE